IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| MICHAEL DEWAYNE CLEVELAND, | ) | |
| | ) | |
| Movant, | ) | |
| | ) | |
| V. | ) | No. 3:16-cv-1871-K |
| | ) | (No. 3:13-cr-479-K-1) |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

## MEMORANDUM OPINION AND ORDER

Movant Michael Dewayne Cleveland has filed a *pro se* motion to vacate, set aside, or correct his federal sentence under 28 U.S.C. § 2255. *See* Dkt. No. 1. The government has filed a response opposing relief, *see* Dkt. No. 5, Cleveland has failed to file a reply brief, and the deadline to do so has passed, *see* Dkt. No. 3. The Court **DENIES** the Section 2255 motion for the following reasons.

### Applicable Background

Cleveland pleaded guilty to – and was found guilty of – interference with commerce by robbery, in violation of 18 U.S.C. § 1951 [Counts 1 and 3] ("Hobbs Act robbery") and associated counts for using, carrying, or possessing a firearm during and in relation to a crime of violence, in violation of 18 U.S.C. § 924(c)(1)(A)(ii) and (C)(i) [Counts 2 and 4]. He was sentenced to an aggregate sentence of 420 months of imprisonment: 36 months for each Hobbs Act robbery, to run concurrently, and two consecutive sentences of 84 months and 300 months for Count 2 and Count 4,

respectively. There was no direct appeal. And Cleveland's Section 2255 motion is timely only if *Johnson v. United States*, 576 U.S. ___, 135 S. Ct. 2551 (2015)—"a substantive decision [that] has retroactive effect under *Teague[ v. Lane*, 489 U.S. 288 (1989),] in cases on collateral review," *Welch v. United States*, 578 U.S. ___, 136 S. Ct. 1257, 1265 (2016)—applies to his current claims, *see* 28 U.S.C. § 2255(f)(3).

Cleveland's sole claim is that he "is serving an illegal sentence based on … Johnson," as his "prior conviction no longer qualifies as a crime of violence," and "[t]he sentence therefore violated due process and should be vacated." Dkt. No. 1 at 4.

**Legal Standards and Analysis**

In *Johnson*, the Supreme Court of the United States held "that imposing an increased sentence under the residual clause of the Armed Career Criminal Act" (the "ACCA"), 18 U.S.C. § 924(e)(2)(B)(ii)—which clause then defined a "violent felony" as "involv[ing] conduct that presents a serious potential risk of physical injury to another"—"violates the Constitution's guarantee of due process," 135 S. Ct. at 2563.

But, as set out above, Cleveland did not receive an increased sentence under the ACCA's residual clause. He instead seems to challenge, under *Johnson*, his Section 924(c) convictions. The definition of "violent felony" under the ACCA's residual clause, however, is substantially different than the definition of "crime of violence" used in Section 924(c). *See* 18 U.S.C. § 924(c)(3) (defining "crime of violence" as a felony that either "(A) has as an element the use, attempted use, or threatened use of

physical force against the person or property of another, or (B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense").

And that definition is identical to the definition of "crime of violence" in 18 U.S.C. § 16(b), a provision that the United States Court of Appeals for the Fifth Circuit has held "is not unconstitutionally vague" in light of *Johnson*. *United States v. Gonzalez-Longoria*, 831 F.3d 670, 672 (5th Cir. 2016) (en banc); *see* 18 U.S.C. § 16(b) ("The term 'crime of violence' means – (a) an offense that has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or (b) any other offense that is a felony and that, by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense."); *United States v. Jones*, 854 F.3d 737, 740 (5th Cir. 2017) ("Jones's argument that § 924(c)(3)(B) is unconstitutionally vague under *Johnson* is foreclosed by our en banc decision in … *Gonzalez-Longoria*."); *accord United States v. Johnson*, 880 F.3d 226, 236-37 (5th Cir. 2018); *see also Smith v. United States*, Nos. 3:16-cv-1780-K & 3:00-cr-236-K (01), 2018 WL 1014171, at *1 (N.D. Tex. Feb. 21, 2018) ("[T]the Fifth Circuit has rejected the argument that *Johnson* invalidates any part of Section 924(c)'s definition of 'crime of violence.' … Thus there is no merit to Smith's argument here that he is entitled to relief from his Section 924(c) convictions in the wake of *Johnson*." (citing *Jones*, 854 F.3d at 740; *Johnson*, 880 F.3d at 235; quotation marks omitted)); *but see Sessions v. Dimaya*, No.

15-1498, 137 S. Ct. 31 (2016) (granting certiorari review to decide whether Section 16(b), as incorporated into the Immigration and Nationality Act's provisions governing an alien's removal from the United States, is unconstitutionally vague).

Even if this Court were to determine that *Johnson*'s invalidation of the ACCA's residual clause should be extended to Section 924(c)(3)(B), such an extension would not benefit Cleveland because his underlying "crime of violence"—Hobbs Act robbery, in which the statutory definition of "robbery" is "the unlawful taking or obtaining of personal property from the person or in the presence of another, against his will, by means of actual or threatened force, or violence, or fear of injury, immediate or future, to his person or property, or property in his custody or possession, or the person or property of a relative or member of his family or of anyone in his company at the time of the taking or obtaining," 18 U.S.C. § 1951(b)—does "not contain language similar to the provision that the Supreme Court found unconstitutionally vague in *Johnson*, and so *Johnson* has no bearing on" that offense, *In re Lott*, 838 F.3d 522, 523 (5th Cir. 2016) (per curiam) ("[T]he bank robbery and conspiracy to obstruct interstate commerce by robbery statutes that Lott was convicted under do not contain language similar to the provision that the Supreme Court found unconstitutionally vague in *Johnson*, *compare Johnson*, 135 S. Ct. at 2555-57, *with* 18 U.S.C. § 2113(a) (bank robbery), *and* 18 U.S.C. § 1951 (conspiracy to obstruct interstate commerce by robbery), and so *Johnson* has no bearing on them.").

Indeed, the definition of a Hobbs Act robbery fits under Section 924(c)'s force clause, not its residual clause. *See United States v. Anglin*, 846 F.3d 954, 965 (7th Cir. 2017) ("Hobbs Act robbery is a 'crime of violence' within the meaning of § 923(c)(3)(A). In so holding, we join the unbroken consensus of other circuits to have resolved this question. And because Hobbs Act robbery is a crime of violence under § 924(c)(3)'s elements clause, it was a valid predicate for [the] § 924(c)(1)(A)(iii) conviction." (citations omitted)), *vacated on other grounds*, 138 S. Ct. 126 (2017); *accord United States v. Hill*, 832 F.3d 135, 140-44 (2d Cir. 2016); *United States v. Gooch*, 850 F.3d 285, 291-92 (6th Cir. 2017); *United States v. House*, 825 F.3d 381, 387 (8th Cir. 2016); *United States v. Howard*, 650 F. App'x 466, 468 (9th Cir. 2016) (per curiam); *In re St. Fleur*, 824 F.3d 1337, 1340 (11th Cir. 2016) (per curiam); *see also United States v. Reed*, 187 F. Supp. 3d 743, 748-49 (W.D. La. 2016) ("Many other courts to reach the issue have found that Hobbs Act robbery falls within the force clause as well." (collecting cases)); *cf. United States v. Robinson*, 844 F.3d 137, 141-44 (3d Cir. 2016) (holding that there the Hobbs Act robbery conviction was a "crime of violence" for purposes of Section 924(c) where the two crimes were, like here, committed contemporaneously).

For these reasons, Cleveland's sole claim for relief—and this motion—is **DENIED**.

**SO ORDERED.**

Signed April 11th, 2018.

_Ed Kinkeade_
ED KINKEADE
UNITED STATES DISTRICT JUDGE